IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00909-PAB

ADAMA KEITA,

    Plaintiff,

v.

TROY BARLOW, and
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.

---

## SECOND ORDER TO SHOW CAUSE

---

    This matter is before the Court on Defendant Allstate Fire and Casualty Insurance Company's Response to Order to Show Cause [Docket No. 19]. The Court issued an order to show cause on April 2, 2021 because it found that defendant Allstate Fire and Casualty Insurance Company's ("Allstate") allegations regarding plaintiff's citizenship were not well-pled. Docket No. 11 at 2.

    The notice of removal stated that "[p]laintiff is a Colorado citizen." Docket No. 1 at 3, ¶ 11 (citation omitted). Allstate now alleges that plaintiff is a citizen of Pennsylvania. Docket No. 19 at 2, ¶ 5. For support, Allstate relies on an email from plaintiff's lawyer, who states, "[r]egarding the issue of Mr. Keita's domicile, I have spoken with him and he confirmed that he is currently living in Pennsylvania," Docket No. 19-1, as well as screen-shots from undated and unverified Facebook and LinkedIn profiles. Docket No. 19-2. This information provides no support for defendant's new allegations.

The Court noted in the first order to show cause that residency is not synonymous with domicile. *See* Docket No. 11 at 3; *see also Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Second, as the Court explained, a statement about where plaintiff currently lives is not relevant to his citizenship at the time of filing. *See* Docket No. 11 at 3; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). This case was filed on November 6, 2020. *See* Docket No. 4 at 1. Thus, the issue is where plaintiff was domiciled on that date. It may very well be that, as of November 6, 2020, plaintiff was living in Pennsylvania and had an intent to remain there. However, the email from plaintiff's lawyer does not establish these facts.

The Court also previously expressed its concern with using screen-shots from an undated and unverified social media profile to establish defendant Troy Barlow's citizenship, *see* Docket No. 11 at 4, yet Allstate again relies on social media screen-shots to establish plaintiff's citizenship. First, Allstate has provided no reason for the Court to conclude that the Facebook and LinkedIn profiles depicted actually belong to plaintiff. Second, even assuming that the profiles are plaintiff's, neither one provides support for plaintiff's physical presence at the time of filing or where he intended to remain when he filed the lawsuit. The Facebook profile has a single post about starting school at Penn State Abington in August 2016, two profile picture updates, and

statement that plaintiff may have been employed by Domino's Pizza at some time. Docket No. 19-2 at 1–5. The LinkedIn profile provides contains even less information. It shows no employment and only undated residence in Pennsylvania. *Id.* at 6.

Courts typically consider several factors in determining a party's citizenship, including "voter registration and voting practices." *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Because defendant has not sufficiently established the citizenship of plaintiff, the Court is unable to determine whether it has subject matter jurisdiction over this case. Therefore, it is

**ORDERED** that, on or before **May 19, 2021**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED May 3, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge