IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00909-PAB

ADAMA KEITA,

    Plaintiff,

v.

TROY BARLOW, and
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.

## ORDER

    This matter is before the Court *sua sponte*. On April 2, 2021, the Court ordered defendant Allstate Fire and Casualty Insurance Company ("Allstate") to show cause, by April 16, 2021, why this case should not be remanded for lack of subject matter jurisdiction. *See* Docket No. 11 at 6. After the Court granted two of Allstate's extension requests, *see* Docket Nos. 14–17, Allstate responded on April 30, 2021. Docket No. 19. The Court found that Allstate still had not sufficiently established plaintiff's citizenship and again ordered Allstate to show cause, by May 19, 2021, why the case should not be remanded. Docket No. 20. Allstate did not respond to the second order to show cause or request an extension of time to file a response.

    In its notice of removal, Allstate asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332, Docket No. 1 at 2, ¶ 7, yet Allstate's allegations regarding the citizenship of plaintiff were not well pled. Docket No. 11 at 2. The notice of removal states, "[p]laintiff is a Colorado citizen." *See* Docket No. 1 at 3, ¶ 11 (citation omitted).

In support, the notice of removal cites to ¶ 1 of plaintiff's amended complaint and a traffic accident report. *Id.* Plaintiff's amended complaint states that plaintiff is a "resident of the State of Colorado." Docket No. 1-3 at 1, ¶ 1. The Court found these allegations were not well pled because residency is not synonymous with domicile, and only the latter is determinative of a party's citizenship for the purposes of diversity jurisdiction. Docket No. 11 at 2–3 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")). The Court explained that the traffic accident report also did not establish plaintiff's citizenship because citizenship is determined at the time of filing, not at the time of the accident. *Id.* at 3 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'")).

Allstate responded to the order to show cause and alleged that plaintiff is actually a citizen of Pennsylvania, not Colorado. Docket No. 19 at 2, ¶ 5. Allstate based this allegation on an email from plaintiff's lawyer who stated that plaintiff is "currently living in Pennsylvania," Docket No. 19-1, and screen-shots from undated and unverified social media profiles. Docket No. 19-2. In the second order to show cause, the Court explained that these allegations were not sufficient to establish plaintiff's citizenship at the time of filing the notice of removal. Docket No. 20. The email from plaintiff's lawyer established, at most, plaintiff's then-current residency, which may or may not be the same as plaintiff's citizenship at the time of filing. *Id.* at 2. As to the screen-shots, Allstate provided no reason for the Court to conclude that the profiles

2

depicted actually belong to plaintiff, and, even if they do, they provide no support for plaintiff's citizenship at the time of filing. *Id.*

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89–90 (2014). Defendant has failed to do so.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction."), *abrogated on other grounds by Dart Cherokee Basin*, 574 U.S. at 89–90; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."). The Court gave Allstate two opportunities to demonstrate subject matter jurisdiction. Docket Nos. 11, 20. Because the subject matter jurisdiction allegations in the notice of removal and

response to the Court's first order to show cause were not well pled, and because Allstate failed to respond to the second order to show cause, the Court finds that Allstate has failed to carry its burden of establishing subject matter jurisdiction as a threshold matter. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (quotations omitted)); *see also Hto Holdings, Inc. v. Lebsock*, No. 20-cv-02186-PAB, 2020 WL 5321894, at *2 (D. Colo. Sept. 4, 2020). Wherefore, it is

**ORDERED** that this case shall be remanded to the District Court for Denver County, Colorado, where it was filed as Case No. 2020CV33775.

DATED June 9, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge